IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CONNIE SMITH                                                                                              PLAINTIFF

vs.                                               Civil No. 4:11-cv-04026

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Connie Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

1.     **Background:**

Plaintiff protectively filed her disability application on September 19, 2007. (Tr. 12, 108-114). In her application, Plaintiff alleged she was disabled due to back problems, eyesight loss, depression, anger, and migraines. (Tr. 126). Specifically, Plaintiff alleged the following regarding her impairments:

> I can't drive at all. I am legally blind. I can't see. I can't read docuemnts [documents] that would be maile din [mailed in] the mail. I can't read the telephone book. I cant use the cell phone. I cant type on a regular computer because I cna't

1

>[can't] read the screen. Light hurts my eyes. I have to wear large goggles. If I go outside on a sunny day even with protective glasses I end up with a migraine headaches. I cant leave the house. I worked in a retail store and I could not tell if someone was stealing merchandise. the different agencies would fax me papers and mail papers and I can only read them with magnifying glasses. It would take a normal workday for me is now 3 days or more. With the major limitations that I have I could not be hirable [hireable]. I can't sit or stand all day. I can't carry continuously–I can carry some things but not consecutively. My pain level is so high that I cant remember a lot of things. teh [The] headaches are increasing. I don't think it is the frequency but the time that they last it is in

*Id.* Plaintiff alleged an onset date of December 28, 2006. (Tr. 12, 126). This application was denied initially and again on reconsideration. (Tr. 71-72).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 84-106). An administrative hearing was held on June 4, 2009 in Texarkana, Arkansas. (Tr. 26-70). At the administrative hearing, Plaintiff was present and was represented by Howard J. Goode. *Id.* Plaintiff and Vocational Expert ("VE") Don Marth testified at the hearing. *Id.* On the date of this hearing, Plaintiff was fifty-four (54) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had obtained her high school diploma. (Tr. 31).

On July 31, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 12-25). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 19, 2007, her application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: left eye visual disturbance; obesity; migraine headaches; and depression. (Tr. 14-16, Finding 2). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-18, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-23, Finding 4). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to stand and walk 6 hours in an 8 hour workday, lift/carry 50 pounds occasionally and 25 pounds frequently, occasionally bend, stoop, crouch, crawl, and kneel, but cannot work at heights or around hazards, or climb ladders/ropes/scaffolds. Additionally, she is limited to simple or detailed work but no complex work. She is also limited to work that does not require visual acuity for handling small parts, such as pennies or paper clips (20 CFR 416.967(c)).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff's PRW included work as a manager of a retail shop. (Tr. 23-24, Finding 5). Based upon her RFC, the ALJ determined Plaintiff retained the capacity to perform this PRW. *Id.* The ALJ then found Plaintiff had not been under a disability, as defined by the Act, from September 19, 2007 (her application date) through July 31, 2009 (the date of his decision). (Tr. 24, Finding 7).

On August 31, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-8). *See* 20 C.F.R. § 404.968. On January 31, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On March 18, 2011, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

4

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ erred by disregarding her subjective complaints. ECF No. 14 at 8-9. Notably, Plaintiff raises five specific arguments regarding the ALJ's evaluation of her subjective complaints, and this Court will address each of those five arguments. *Id.*

First, Plaintiff claims the ALJ "failed to note that Plaintiff did not have a driver's license and the fact that she was unable to drive due to her vision impairment." ECF No. 14 at 8. In his opinion, however, the ALJ summarized Plaintiff's testimony at the administrative hearing and noted that Plaintiff "does not have a driver's license, is not driving now, and is taken where she needs to go by family members or friends." (Tr. 19). Thus, the ALJ did note Plaintiff did not have a driver's license, and the ALJ also recognized Plaintiff claimed she was unable to drive due to her visual impairments. Accordingly, Plaintiff's first argument is without merit.

Second, Plaintiff claims she has a vision impairment which includes "sensitivity to light of any kind" leading to "severe migraine headaches causing her [to] be out of commission at least three

5

days per month." ECF No. 14 at 8. In his opinion, the ALJ found these allegations were not credible, and Plaintiff's headaches were not disabling. (Tr. 20-21). Importantly, in his opinion, the ALJ extensively discussed his reasons for discounting Plaintiff's claim that her headaches were disabling. *Id.* The ALJ noted that despite her complaints of having a headache on the day of the hearing, she did not appear to be in distress at the administrative hearing. *Id.* Further, Plaintiff reported only taking over-the-the counter pain medication for her headaches instead of stronger prescription medication, her physician had noted "on more than one occasion that no reason has been found for the headaches," and "her exams do not show the level of distress one would expect considering the severity of pain she has alleged." *Id.* Thus, this Court finds the ALJ's decision to discredit Plaintiff's claim of disabling headaches was supported by substantial evidence in the record.

Third, Plaintiff claims that due to her diarrhea, she is unable to "stay on task and would have to take unscheduled work breaks." ECF No. 14 at 8-9. Plaintiff did testify regarding her diarrhea at the administrative hearing. *Id.* Specifically, Plaintiff stated the following regarding her diarrhea: "If my stomach says I have to go to the bathroom right now and it takes me a minute to get up and get in there, like I say, if it was as far away as the elevators I wouldn't probably have time to get there before I had diarrhea on myself." (Tr. 60). Despite this claim, however, Plaintiff did not allege she was disabled due to diarrhea in her application (Tr. 126), and Plaintiff has cited no medical records in support of her claim that her alleged diarrhea causes her to take unscheduled breaks. Thus, this Court finds the ALJ did not err by failing to consider this alleged limitation.

Fourth, Plaintiff claims her "back condition made it necessary for her to have her legs elevated about her waist with sustained sitting." ECF No. 14 at 9. Plaintiff cites no medical support for this claim. *Id.* In his opinion, the ALJ found Plaintiff had no such limitation. (Tr. 20-23). In support of that finding, the ALJ noted Plaintiff only takes over-the-counter medication for her allegedly disabling

6

back pain. *Id.* The ALJ also provided a litany of inconsistencies from Plaintiff's medical records and her testimony, further supporting his finding that Plaintiff's allegations were not credible. *Id.* For instance, the ALJ noted Plaintiff testified at the administrative hearing that she did little to care for her bedridden 90-year-old mother while her medical records reflected that she "takes care of her mother and finds meaning and purpose in taking care of her mother." (Tr. 22). Thus, this Court finds the ALJ's evaluation of Plaintiff's back impairment and decision to discount her allegations of disabling pain is supported by substantial evidence in the record.

Fifth and finally, Plaintiff claims the ALJ erred by considering the side effects of her medication. ECF No. 14 at 9. Plaintiff claims Cymbalta causes her to be drowsy. *Id.* Again, Plaintiff cites no medical records in support of her claim that this medication causes drowsiness. *Id.* In her testimony at the administrative hearing in this matter, Plaintiff testified that she *used to take* Cymbalta, which made her drowsy. (Tr. 51). Plaintiff, however, also testified that she was no longer taking Cymbalta. *Id.* Specifically, Plaintiff testified that "they got me off of it." *Id.* Thus, the ALJ did not err in not considering medication Plaintiff is no longer taking. Indeed, the ALJ did fully address and consider Plaintiff's depression, which is what was being treated with Cymbalta. (Tr. 22).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 14th day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE